UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



MARY FULFORD,  Plaintiff )
)
v. ) Civil Action No. 07 CV 8247
)
CITY OF NEW YORK, POLICE OFFICER )
LEONARDO CAPUTO and SERGEANT )
ROBERT BYRNE, each individually )
and in their official capacities, Defendants )

## FIRST AMENDED COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is a civil rights action against the Defendant parties, individually and collectively, for violation of Plaintiff's guaranteed constitutional and civil rights.

2. This action arises out of the false arrest, false imprisonment, denial of equal protection, denial of due process, assault and battery, excessive use of force, and harassment against the plaintiff by the defendants.

3. The Plaintiff seeks monetary damages for physical injuries, humiliation, embarrassment, mental anguish, and damage to reputation for her physical injuries, wrongful arrest and assault and the Plaintiff seeks whatever other relief is appropriate to serve the interests of justice and assure that her remedy is full and complete.

### II. JURISDICTION and VENUE

4.    Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1330, 1331, 1332, and 1343 [3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, 42 U.S.C. Section 1985 and the First, Fourth and Fourteenth Amendments to the United States Constitution.

5.    The value of the rights in question is in excess of $100,000.00 exclusive of interest and costs.

6.    The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et. seq., this being an action in which the Plaintiff, while seeking monetary damages, also seeks declaratory and injunctive relief if such is deemed necessary and desirable and in the interest of justice in order to provide the Plaintiff with a full and complete remedy for the violation of her rights.

7. Jurisdiction is also invoked pursuant to and under 28 U.S.C. §1367 and the plaintiff requests Supplemental Pendent Party Jurisdiction.

8. The Plaintiff requests that the Court exercise its powers to invoke pendent claim and pendent party jurisdiction.

9. The state law claims have a common nucleus of operative facts with the federally based claims and they arise out of the same transaction and occurrence giving rise to the Plaintiff's federally based claims and causes of action.

### III. CONDITION PRECEDENT

10. A notice of claim was served upon the City of New York within 90 days of the date of accrual of the actions complained of within this complaint and the damages have not been compromised and resolved.

11. This action is commenced within 1 year and 90 days of the date of the accrual of the actions complained of within this complaint.

12. Jurisdiction of this Court is invoked pursuant to and under the United States constitution and common law of the State of New York.

## IV. JURY TRIAL DEMANDED

13. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## V. PARTIES

14. The Plaintiff is an African-American citizen and resident of the City of New York, the County of New York, the State of New York.

15. Defendant THE CITY OF NEW YORK is and was at all times relevant a municipal entity created and authorized under the Laws and Constitution of the State of New York to conduct law enforcement activities within the state of New York. The NEW YORK CITY POLICE DEPARTMENT is an agent and entity of the City of New York authorized to engage in law enforcement activities.

16. Defendant Leonardo Caputo is a Police Officer employed by the City of New York and is and was at all times relevant duly appointed and acting as an officer, servant, employee and agent of defendant the City of New York and the New York City Police Department, a municipal agency of the defendant the City of New York . Defendant Leonardo Caputo is and was at all times relevant acting in the course and scope of his duties and functions as an officer, agent, servant and employee of defendant City of New York, was acting for, and on behalf of, and with the power and authority vested in him by defendant THE CITY OF NEW YORK. Notwithstanding the wrongful and illegal nature of his acts and conduct as hereinafter described, he was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

17. Defendant SERGEANT ROBERT BYRNE is a Police Sergeant employed by the City of New York and is and was at all times relevant herein duly appointed and acting as an officer, servant, employee and agent of defendant THE CITY OF NEW YORK and/or the New York City Police Department a municipal agency of the defendant THE CITY OF NEW YORK. Defendant SERGEANT ROBERT BYRNE is and was at all times relevant herein acting in the course and scope of his duties and functions as an officer, agent, servant and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by defendant THE CITY OF NEW YORK. Notwithstanding the wrongful and illegal nature of his acts and conduct hereinafter described, he was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

## VI. ALLEGATIONS

17. On April 5, 2007 Plaintiff Fulford was lawfully operating a fully registered and insured motor vehicle south on Ninth Ave. and pulled to the curb to park on the east side of the avenue when she was abruptly approached by a male white LEONARDO CAPUTO.

18. This male white had exited a yellow medallion taxi cab bearing license plate T8001873 accompanied by a second male white individual ROBERT BYRNE.

19. Male white CAPUTO approached Plaintiff Fulford as she was about to exit the driver's side of the vehicle and stated : What the fuck is wrong with you?

20. Without cause, justification or provocation, CAPUTO then grabbed Plaintiff Fulford's left arm, twisting it, while yanking and pulling Plaintiff Fulford out of her

vehicle.

21. CAPUTO, after yanking Plaintiff Fulford to a standing position out of her vehicle, violently twisted Fulford's left arm behind her causing extreme pain and discomfort to Fulford's shoulder, back, arm, wrist and neck.

22. At some point CAPUTO forcibly without cause and justification placed handcuffs on Fulford's right and left wrists, behind her back, intentionally, deliberately and maliciously tightening the handcuffs to inflict further injury.

23. Fulford advised CAPUTO that the handcuffs were too tight, she could not move her arms.

24. In response, CAPUTO approached Fulford and dragged her to the back of the vehicle.

25. The second male white individual, ROBERT BYRNE, is standing in close proximity to Fulford's vehicle, observing the entire incident and despite having the obligation and duty to intervene and prevent injury to Fulford and violation of the law, ROBERT BYRNE does nothing.

26. After Fulford was dragged to the rear of her vehicle, CAPUTO, without lawful authority or justification entered Fulford's vehicle and conducted a search.

27. CAPUTO opened boxes in the vehicle containing Fulford's work materials and supplies and in so doing removed the contents of the boxes, throwing papers and materials about her vehicle.

28. After searching the vehicle and compartments and boxes in the vehicle, CAPUTO exits the vehicle and approaches Fulford again and demands her driver's license.

29. In response, Fulford advises CAPUTO her license is in her pants pocket and she would like a female police officer to search her person.

30. CAPUTO curses at Fulford and proceeds to search through all of her left pants pockets and removes personal property, including her driver's license.

31. CAPUTO, upon obtaining Fulford's driver's license went back to the yellow medallion cab with BYRNE.

32. Sometime later CAPUTO exited the cab and approached Fulford and returned her driver's license.

33. Fulford asked CAPUTO for his badge number and he responded: What the fuck to you want that for?

34. Fulford was detained in excess of 30 minutes.

35. Fulford was not free to leave.

36. Fulford was assaulted by CAPUTO.

37. There was no justification for the physical force used by CAPUTO.

38. There was no lawful basis for Fulford's arrest, search and detention.

39. Defendants CAPUTO and BYRNE unlawfully confined the Plaintiff and intended to confine the Plaintiff .

40. Plaintiff was conscience of her unlawful confinement.

41. Plaintiff did not consent to this confinement.

42. The confinement of the Plaintiff was not privileged.

43.  Plaintiff has no other adequate remedy at law other than for the institution of this lawsuit.

44. The plaintiff did not commit a criminal offense justifying her arrest, detention and physical assault and no reasonable police officer could have believed that the plaintiff committed a crime or any other offense of law to justify the officers' challenged conduct.

45. There was no probable cause for the arrest of the plaintiff.

46. There was absolutely no justification for the use of physical force.

47. There was no basis for a search of the Plaintiff's vehicle.

48. There was no basis for a search of the Plaintiff's person.

49. The conduct and actions of the defendants were pursuant to a policy and practice of the City of New York Police Department of unlawfully stopping, searching and detaining community residents pursuant to various law enforcements efforts such as Operation Impact.

50. The policy and practice has a disproportionate impact on African Americans and other individuals of color as well as those who reside in communities which are populated by African Americans and people of color. Fulford was stopped and detained within two blocks of her home located within the public housing community on Ninth Ave.

51. The actions challenged herein were negligent, the proximate cause of plaintiff's injuries and the defendant City of New York is liable for these state law violations under a theory of respondeat superior.

52. As a result of the conduct and actions challenged herein, Fulford has been unable to return to work because she has been unable to fully lift her arm as she did

before this incident; carry heavy objects in her arm; sleep without discomfort; turn her head without discomfort.

53. Since Fulford was unable to return to work, she has been terminated from her employment.

54. Fulford has required ongoing medical attention and intervention to relieve the pain and discomfort in her shoulder, back, neck, arm and hand.

55. Defendant City of New York is liable for the actions and conduct of the defendant parties in stopping the plaintiff without reasonable suspicion of any criminal activity; in seizing and detaining the plaintiff's person and property; in searching the plaintiff's person and property; in causing physical injury to the plaintiff's person; in harassing the plaintiff; and in confining the plaintiff.

## FIRST CAUSE OF ACTION
## FALSE ARREST

56. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

57. By their conduct and actions in falsely arresting plaintiff, without lawful justification, negligently, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, defendants, collectively and individually, caused injury and damage in violation of plaintiff's constitutional rights, state constitutional rights and tort law.

58. The City of New York is responsible for this conduct pursuant to the above stated policies, practices and customs and the violation of the constitution of the United States and state law.

59. Plaintiff Fulford suffered injuries and damages.

## SECOND CAUSE OF ACTION
## FALSE IMPRISONMENT

60. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

61. By their conduct and actions in falsely imprisoning plaintiff, without lawful justification, negligently, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, defendants, collectively and individually, caused injury and damage in violation of plaintiff's constitutional rights, state constitutional rights and tort law.

57. The City of New York is responsible for this conduct pursuant to the above stated policies, practices and customs and the violation of both the constitution of the United States and state law.

58. Plaintiff Fulford suffered injuries and damages.

## THIRD CAUSE OF ACTION
## DENIAL OF EQUAL PROTECTION

59. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set herein.

60. The plaintiff was subjected to a denial of equal protection by the defendants as afforded to her by the constitution of the United States and the State of New York by the defendant officers.

61. The City of New York is responsible for this conduct pursuant to the above stated policies, practices and customs.

62. Plaintiff Fulford suffered injuries and damages.

9

## FOURTH CAUSE OF ACTION
## DENIAL OF DUE PROCESS

63. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set herein.

64. The plaintiff was subjected to a denial of due process by the defendants as afforded to her by the constitution of the United States and the State of New York.

65. The City of New York is responsible for this conduct pursuant to the above stated policies, practices and customs.

66. Plaintiff Fulford suffered injuries and damages.

## FIFTH CAUSE OF ACTION
## ASSAULT AND BATTERY

67. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

68. By their conduct and actions in falsely arresting plaintiff, without lawful justification, negligently, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, defendants, collectively and individually, caused injury and damage in violation of plaintiff's constitutional rights, state constitutional rights and tort law.

69. The City of New York is responsible for this conduct pursuant to the above stated policies, practices and customs.

70. Plaintiff Fulford suffered injuries and damages.

## SIXTH CAUSE OF ACTION
## EXCESSIVE USE OF FORCE

71. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

72. By their conduct and actions in using excessive force against plaintiff, without lawful justification, negligently, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, defendants, collectively and individually, caused injury and damage in violation of plaintiff's constitutional rights, state constitutional rights and tort law.

73. The City of New York is responsible for this conduct pursuant to the above stated policies, practices and customs.

74. Plaintiff Fulford suffered injuries and damages.

## EIGHTH CAUSE OF ACTION
## HARASSMENT

75. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

76. By their conduct and actions in harassing plaintiff, without lawful justification, negligently, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, defendants, collectively and individually, caused injury and damage in violation of plaintiff's constitutional rights, state constitutional rights and tort law.

77. The City of New York is responsible for this conduct pursuant to the above stated policies, practices and customs.

78. Plaintiff Fulford suffered injuries and damages.

11

## NINTH CAUSE OF ACTION
## UNLAWFUL SEARCH AND SEIZURE

79. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

80. The Plaintiff was subjected to an unlawful search and seizure in violation of her rights under the United State Constitution, the constitution of the state of New York and tort law.

81. The City of New York is responsible for this conduct pursuant to the above stated policies, practices and customs.

82. Plaintiff Fulford suffered injuries and damages.

**WHEREFORE,** plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages in an amount to be determined at the time of trial;

    b. Punitive damages;

    c. The convening and empanelling of a jury to consider the merits of the claims;

    d. Attorney fees and costs

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
      February 7, 2008

Respectfully Submitted,

Meenan & Associates, LLC
*Attorney for Plaintiff*
64 Fulton Street, Ste 502
New York, New York 10038
(212) 226-7334

By: _____
Colleen M. Meenan